UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MITCHELL HOLLAND,

    Plaintiff,

v.                                              Case No.  5:20-cv-340-TKW/MJF

STATE OF FLORIDA, *et al*.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This *pro se* civil rights action is before the court for preliminary screening of Plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A. Upon review of Plaintiff's complaint, the undersigned concludes that this case should be dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), because Plaintiff's allegations fail to state a facially plausible claim against the Defendants, and the deficiencies cannot be cured by amendment.[1]

### I. BACKGROUND

Plaintiff commenced this action pursuant to 42 U.S.C. § 1983 against five Defendants: (1) the State of Florida; (2) Assistant State Attorney Brandon Young;

---

[1] The District Court referred this case to the undersigned to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

(3) Judge Timothy Register; (4) Judge Luke Taylor; and (5) and Public Defender Russell Barrett.

Plaintiff alleges that on January 23, 2020, a judge issued an arrest warrant in *Florida v. Holland*, No. 19007440MMMA (Fla. Bay Cnty. Ct. July 13, 2019) ("Bay County case") for a violation of probation. (Doc. 3 at 6). At about that time, a judge also issued a warrant for Plaintiff's arrest in *Florida v. Holland*, No. 20000027CFA (Fla. Holmes Cnty. Ct. Jan. 10, 2020) ("Holmes County case"). (*Id.*). The Holmes County case related to Plaintiff's possession of marijuana and drug paraphernalia and an aggravated assault with a deadly weapon.[2]

Defendant Judge Timothy Register is the presiding judge in the Holmes County case. On February 29, 2020, Plaintiff posted a bond to secure his release in the Holmes County case. (Doc. 3 at 6). On July 10, 2020, Plaintiff failed to appear for his arraignment in the Holmes County case. Defendants Judge Register and Assistant State Attorney Brandon Young issued a capias on July 10, 2020, which was recalled on July 13, 2020. Judge Register then set Plaintiff's arraignment for September 2, 2020.

---

[2] Under Rule 201(b) of the Federal Rules of Evidence, a court may "take judicial notice of facts that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999). This court takes judicial notice of both Plaintiff's state criminal cases and the documents filed therein.

Plaintiff alleges that on August 13, 2020, he informed Judge Register that he was in State custody for an outstanding warrant in his Bay County case. (Doc. 3 at 6). Plaintiff does not indicate how he communicated this to Judge Register, however.

On August 19, 2020, in his Bay County case, Judge Shane Vann sentenced Plaintiff to 210 days in county jail with 181 days of credit for the time he already served for his violation of probation. (*Id.* at 6).

On September 2, 2020, Plaintiff again failed to appear for his arraignment in his Holmes County case. (*Id.* at 6). Judge Register issued a capias for Plaintiff's arrest based on Plaintiff's failure to appear at his arraignment.[3] (*Id.*). Plaintiff alleges that this capias lacked probable cause because Judge Register and Assistant State Attorney Brandon Young knew or should have known that he failed to appear because he was in the State's custody for the Bay County case.

---

[3] "A writ of capias is essentially a writ commanding an officer to take a named individual into custody, typically when he has failed to appear or failed to comply with a judgment." *Sutterfield v. City of Milwaukee*, 751 F.3d 542, 564 n.8 (7th Cir. 2014). Under Florida law, a judge has the authority to issue a capias when a criminal defendant knowingly fails to appear for arraignment. *See* Fla. R. Crim. P. 3.180(a) (requiring a defendant's presence at "first appearance"); Fla. Stat. § 901.11 ("When a person fails to appear as commanded by a summons, the trial court judge shall issue a warrant."); *Hillsman v. State*, 159 So. 3d 415, 419 (Fla. Dist. Ct. App. 2015) (holding that a trial court has "unbridled authority to issue a bench warrant or capias when" a defendant knowingly fails to appear in court).

On September 17, 2020, at his initial appearance,[4] Plaintiff informed Public Defender Russell Barrett and Judge Luke Taylor that the capias and the court's revocation of Plaintiff's bond were improper because Plaintiff had been in State custody at the time of his arraignment. (Doc. 3 at 7). Although it is unclear from Plaintiff's complaint, it appears that Plaintiff argues that these Defendants did not seek and/or authorize release of Plaintiff pre-trial.

Plaintiff claims that he has been unfairly detained pretrial without bond as a result of the Defendants' actions. Plaintiff alleges violations of the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution as well as a violation of "Article 6." (*Id.* at 9). He seeks damages and any other relief that the court deems proper.

## II. STANDARD

Because Plaintiff is a prisoner, the court is required to review his complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings). Determining whether a complaint

---

[4] Although it is unclear from his complaint, this court presumes Plaintiff refers to his initial appearance in his Holmes County case.

states a claim upon which relief can be granted is governed by the standard set forth in Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility that the defendant acted unlawfully is insufficient. *Id.*; *see also* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 (reiterating that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A complaint may

also be dismissed for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007); *Marsh v. Butler Cnty.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

### III. DISCUSSION

The District Court should dismiss this civil action because Plaintiff failed to state a claim against Defendants.

**A.     Plaintiff failed to State a Claim Against Public Defender Russell Barrett**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States[] and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981).[5] Here, Plaintiff alleges only that he told his public defender that the capias was unsupported by probable

---

[5] A public defender may be found to act under color of state law, however, when engaged in a conspiracy with state officials to deprive his client of his constitutional rights. *Tower v. Glover*, 467 U.S. 914, 920 (1984). Plaintiff does not allege any such conspiracy, however.

cause and that he should not be detained without bond. Plaintiff alleges no other facts as to Russell Barrett. Indeed, Plaintiff does not state what Barrett did, or failed to do, which allegedly violated Plaintiff's rights. Because Plaintiff has failed to state a claim upon which relief can be granted, this claim should be dismissed.

**B.    Plaintiff Failed to State a Claim Against Judge Register and Judge Taylor**

Judges are entitled to absolute immunity from suits arising from acts taken in their judicial capacity "unless they acted in the clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (internal quotation marks omitted). A judge acts in the "clear absence of all jurisdiction" when the matter on which he acts is clearly outside of the subject matter jurisdiction of the court over which he presides. *See Dykes v. Hosemann*, 776 F.2d 942, 948 (11th Cir. 1985). The term "jurisdiction," as it applies to judicial immunity, means the "judicial power to hear and determine a matter, not the manner, method, or correctness of the exercise of that power." 48A C.J.S. Judges § 86; *see Stump v. Sparkman*, 435 U.S. 349, 356 n.6 (1978).

"Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." *Sibley v. Lando*, 437

F.3d 1067, 1070 (11th Cir. 2005) (*citing Scott v. Hayes*, 719 F.2d 1562, 1565 (11th Cir. 1983)). Immunity protects judges from suits for money damages as well as injunctive relief, except where "a declaratory decree was violated or declaratory relief was unavailable." *Bolin*, 225 F.3d at 1239 (internal quotation marks omitted).

Here, Plaintiff alleges that Judge Register issued a capias for Plaintiff's failure to appear at his arraignment despite a lack of probable cause. He also argues that Judge Taylor advised Plaintiff to hire an attorney to correct this. These allegations simply are insufficient to indicate that these judges were acting outside their judicial capacity or that these Defendants acted in the clear absence of jurisdiction. Indeed, "signing orders and issuing bench warrants for a party's failure to appear are run-of-the-mill judicial functions." *Caldwell v. Downs*, 789 F. App'x 183, 186 (11th Cir. 2019). Furthermore, judicial immunity covers such judicial acts even when a judge issues a warrant that lacks probable cause. *Fernandez v. Alexander*, 419 F. Supp. 2d 128, 133-34 (D. Conn. 2006); *accord Ayche v. Joyce*, No. CV 17-1130, 2018 WL 3424803, at *1 (E.D. La. July 16, 2018); *Cadmus v. Williamson*, No. 5:15-CV-045, 2016 WL 1047087, at *8 (W.D. Va. Mar. 10, 2016); *Sumpter v. Atkins*, No. 12-13958, 2013 WL 4016494, at *3 (E.D. Mich. Aug. 6, 2013). Accordingly, his claims against Defendants Judge Register and Judge Taylor also should be dismissed.

C. **Plaintiff Failed to State a Claim Against Brandon Young**

The defense of absolute immunity extends to prosecutors. "A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." *Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)). The initiation and pursuit of a criminal prosecution, and appearances before the court and other in-court activity, are classic examples of actions taken by a prosecutor in performing his or her role as a government advocate. *Id.*; *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) (finding that absolute immunity extends to a prosecutor's acts performed "in preparing for the initiation of judicial proceedings for trial, and which occur in the course of his role as an advocate for the State").

For qualifying acts, a prosecutor receives absolute immunity regardless of the prosecutor's motive or intent. *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) ("Absolute prosecutorial immunity is not defeated by a showing that the prosecutor acted wrongfully or even maliciously. . . ." (quotations omitted)). Thus, absolute prosecutorial immunity applies even where a prosecutor files an information without an investigation, offers perjured testimony, or suppresses exculpatory evidence. *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009).

Under Florida law, a prosecutor may seek a capias when a defendant fails to appear for court. Pursuant to Florida Rules of Criminal Procedure 3.730:

> Whenever the court deems it necessary to do so in order to procure the presence of the defendant before it for the adjudication of guilt or the pronouncement of sentence, or both, when the defendant is not in custody, it shall direct the clerk to issue immediately or when directed by the prosecuting attorney a capias for the arrest of the defendant. Subsequent capiases may be issued from time to time by direction of the court or the prosecuting attorney.

Fla. R. Crim. P. 3.730. Plaintiff alleges that Young was involved in issuing a capias when Plaintiff failed to appear for his arraignment in the Holmes County case. It is clear that such actions could have been taken only as an advocate for the State of Florida. Furthermore, based on Plaintiff's allegations, Young so acted only after Plaintiff failed to appear for court. Thus, prosecutorial immunity protects Young from any lawsuit for monetary damages. Plaintiff's claim against Young, therefore, also should be dismissed.

**D.    State of Florida**

It is unclear whether Plaintiff truly is attempting to sue the state of Florida. Plaintiff lists the State of Florida as a Defendant, but Plaintiff did not include Florida in the "Parties to this Complaint" section of his complaint. (Doc. 1 at 1-4). To the extent, he seeks to bring a claim against the State of Florida, such a claim would be barred by the Eleventh Amendment.

The Eleventh Amendment is generally a bar to suit for monetary damages by an individual against a state or its agencies, or against officers or employees of the state or its agencies in their official capacity, unless the state has consented to suit,

congress has abrogated the immunity, or the plaintiff proceeds under *Ex parte Young*. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Seminole Tribe of Fla. v. State of Fla.*, 11 F.3d 1016, 1021 (11th Cir. 1994) (citing *Penhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984)).

The State of Florida has not waived immunity and Congress has not expressly abrogated state immunity in section 1983 cases of this type. *Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986) ("It is clear that Congress did not intend to abrogate a state's eleventh amendment immunity in Section 1983 damage suits, [and] Florida's limited waiver of sovereign immunity was not intended to encompass section 1983 suits for damages.") (internal citation and quotations omitted). Thus, any claims against the State for damages should be dismissed.

E.      ***Younger* Abstention Doctrine**

Plaintiff's claims also likely may be barred by the *Younger* abstention doctrine. Pursuant to *Younger v. Harris*, 401 U.S. 37 (1971) and *Samuels v. Mackell*, 401 U.S. 66 (1971), federal courts should abstain from granting injunctive or declaratory relief affecting a state criminal prosecution absent a showing of: (1) evidence of bad faith prosecution, (2) irreparable injury if abstention is exercised by the federal court, or (3) the absence of an adequate alternative state forum where the constitutional issues can be raised. *See Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1263 (11th Cir. 2004) (citing *Younger*, 401 U.S. at 45, 53-54). Subsequent

decisions have refined *Younger* to state that the exceptions are applicable only when the prosecution is brought expressly to harass the defendant or otherwise in bad faith, or when the statute under which the defendant is charged is clearly and flagrantly unconstitutional. *See Trainor v. Hernandez*, 431 U.S. 434, 447 (1977); *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975); *The News-Journal Corp. v. Foxman*, 939 F.2d 1499, 1507-09 (11th Cir. 1991); *Redner v. Citrus Cnty., Fla.*, 919 F.2d 646, 650 (11th Cir. 1990).

Plaintiff's allegations do not establish, or support an inference, that the State's criminal prosecution of Plaintiff in his Holmes County case is motivated by bad faith. *See Trainor*, 431 U.S. at 447; *Carden v. Montana*, 626 F.2d 82, 84 (9th Cir. 1980) ("Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction . . . is federal injunctive relief against pending state prosecutions appropriate.").

Plaintiff further fails to show that the "irreparable injury" exception applies. Irreparable injury does not include injury which is incidental to every prosecution brought lawfully and in good faith. *See Kugler v. Helfant*, 421 U.S. 117, 123-25 (1975) (citing *Younger*, 401 U.S. at 46). Irreparable injury exists if the statute under which a defendant is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual

circumstances exist that would call for equitable relief. *Younger*, 401 U.S. at 53-54 (citing *Watson v. Buck*, 313 U.S. 387, 402 (1941)). Plaintiff makes no such showing here. Additionally, Plaintiff has an adequate state forum in which to raise his claims insofar as he can raise them in his ongoing State court proceedings. *See Old Republic Union Ins. Co. v. Tillis Trucking Co.*, 124 F.3d 1258, 1261 (11th Cir. 1997) (citing *Middlesex Cnty. Ethics Comm.*, 457 U.S. 423, 432 (1982)); *see also Mentor v. Mahon*, No. 3:17-cv-1029, 2018 WL 4335527, at *4 (M.D. Fla. Sept. 2018); *Norton-Nuain v. State*, 179 So. 3d 557, 558 (Fla. Dist. Ct. App. 2015) (granting petitioner's habeas petition, quashing the trial court's order for bond, and remanding with directions to determine a reasonable bond); *Sylvester v. State*, 175 So.3d 813, 814 (Fla. Dist. Ct. App. 2014) (granting habeas petition to reduce bond and remanding back to trial court to reconsider the petitioner's financial circumstances). For these reasons, the District Court also should dismiss this claim.

**F.     <u>Amendment Would be Futile</u>**

Plaintiff's complaint fails to state a facially plausible claim for relief under § 1983 against any Defendant. "Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). However, "[a] district court need not . . . allow an amendment . . . where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Because the deficiencies in Plaintiff's

complaint cannot be cured by amendment, this case should be dismissed without affording Plaintiff an opportunity for a futile amendment of his complaint.

## IV. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. The District Court dismiss this civil action pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, based on Plaintiff's failure to state a claim upon which relief can be granted.

2. The clerk of the court close the case file.

At Pensacola, Florida, this 25th day of May, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**